**HELMTEC INDUSTRIES, INC.,**
**Plaintiff/Appellant,**

**v.**

**MOTORCYCLE STUFF, INC.,**
**Defendant/Respondent.**

No. 62349.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 11, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 10, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Richard Keith Kuntze, Oliver, Oliver, Waltz & Cook, Cape Girardeau, for plaintiff/appellant.

Walter S. Drusch, Jr., Lowes & Drusch, Cape Girardeau, for defendant/respondent.

CRANE, Judge.

Plaintiff, Helmtec Industries, Inc., brought an action against defendant, Motorcycle Stuff, Inc., to recover $23,912.52 plus interest on merchandise sold and shipped to defendant pursuant to an oral agreement. The case was tried before a jury. At the close of the evidence, the trial judge granted defendant's motion for a directed verdict. Plaintiff appeals. We hold plaintiff made a submissible case on an open account and reverse and remand.

At trial plaintiff presented evidence through one witness, its comptroller, who testified that plaintiff is a Canadian corporation engaged in the manufacture and distribution of motorcycle helmets. Plaintiff supplied motorcycle helmets to defendant for several years until July 1990. Plaintiff's comptroller's responsibilities included supervising the company's accounts receivable, which included defendant's account. On August 14, 1990 plaintiff sent defendant a letter, signed by its comptroller, notifying defendant that it had many past due invoices. Referenced in and attached to the letter was a computer generated statement of defendant's account which showed unpaid invoices totalling $166,089.75 as of August 10, 1990. Those invoices related to goods shipped to defendant between January 24, 1990 and July 10, 1990. On September 5, 1990 plaintiff acknowledged receiving a payment of $78,063.60 from defendant, which reduced defendant's outstanding balance to $88,026.15 on the goods shipped to defendant between January 24, 1990 and July 10, 1990. On September 7, 1990 defendant issued a check for $64,642.45 to plaintiff. Plaintiff made no more shipments after July 10, 1990 and received no more payments after September 7, 1990. Plaintiff's comptroller testified that the parties agreed to the prices shown on the invoices and that the prices were reasonable.

■ Plaintiff claims the trial court erred in directing a verdict against it because it adduced sufficient evidence at trial to make a submissible case. On review of an order directing a verdict against a plaintiff, we must review the evidence most favorable to plaintiff and disregard defendant's evidence except insofar as it supports plaintiff's case. *Missouri Highway & Transp. Comm'n v. Keeley*, 780 S.W.2d 84, 87 (Mo. App.1989).

■ Although there was some dispute at trial over the nature of the cause of action pleaded, the trial court treated the petition as stating an action on an account and the case was tried on that cause of action. An action on an account is an action based in contract. *Welsch Furnace Co. v. Vescovo*, 805 S.W.2d 727, 728 (Mo. App.1991); *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App. 1985). Sufficiency of proof depends upon the showing of an offer, an acceptance, and consideration between the parties, as well as the correctness of the account and the reasonableness of the charges. *Welsch*, 805 S.W.2d at 728; *Coca–Cola*, 691 S.W.2d at 397. Plaintiff has the burden of proof to make a submissible case. *Coca–Cola*, 691 S.W.2d at 397. To carry this burden of proof, plaintiff must present more than mere conjecture and establish its case by substantial evidence having probative value or by reasonable inferences which can be drawn from its evidence. *Id.* Accordingly, plaintiff must prove that 1) defendant requested plaintiff to furnish merchandise or services, 2) plaintiff accepted defendant's offer by furnishing such merchandise or services, and 3) the charges were reasonable. *Welsch*, 805 S.W.2d at 728; *Coca–Cola*, 691 S.W.2d at 397; *see also* MAI 26.03 [1969 New]. The defendant's only burden is to prove any affirmative defens-

es. *J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 8 (Mo.1960).

Plaintiff asserts that it proved each of the above elements and made a submissible case. Defendant contends that plaintiff did not make a submissible case because plaintiff failed to prove the correctness of the account.

At trial plaintiff introduced the August 10, 1990 statement of defendant's account. Plaintiff's comptroller described the statement as a summary of defendant's outstanding invoices. For each invoice the statement listed the issue date, the invoice number, the amount due and the payment status. The statement listed past, future and current amounts due, and showed an aggregate outstanding balance of $166,089.75.

The statement was produced by the plaintiff's computerized accounting system. Upon receipt, a customer's orders are entered into the computer system. This entry creates a work order to manufacture the number and type of helmets ordered. After the helmets are manufactured, they are shipped and the system prints an invoice. Plaintiff retains one copy of the invoice and sends one copy to the customer. Payments on invoices are entered into the system and credited to the appropriate invoice. Plaintiff reconciles customer accounts on a monthly basis. This procedure purges paid invoices from a customer's account and prints a statement listing the customer's outstanding invoices. The company kept photocopies of all checks received and the attachments identifying the invoices being paid. The trial court admitted the statement of defendant's account "for the limited purpose of showing what amounts plaintiff claims were due and owing on August 10, 1990."

Plaintiff's comptroller testified that defendant subsequently made two payments in the amounts of $78,063.60, evidenced by a letter from plaintiff acknowledging payment, and $64,642.45, evidenced by a photocopy of a check. He testified that, after applying these payments, there remained an outstanding balance due plaintiff of $23,215.92.[1]

Plaintiff also introduced into evidence a group exhibit which contained numerous invoices and some credits to defendant's account. The group exhibit included invoices and credits listed in the August 10, 1990 statement of defendant's account.

Defendant argues that this evidence is insufficient because plaintiff's comptroller admitted that the August 10, 1990 statement did not contain a bottom line showing what was due and owing at the time of trial. Defendant points out that the exhibit does not reflect any payments made after August 10, 1990 and that plaintiff's comptroller admitted he had no document reflecting the amount due and owing at the time of the trial.

■ Defendant's attack on plaintiff's documentary evidence misperceives the nature of an account in the context of an action on an account. In order to make a submissible case in an action on an account, a plaintiff is not required to submit documentary proof of an account containing both debits and credits. Nor must a plaintiff introduce a document that contains the balance due.

■ A suit on account is an action at law to recover money for services performed or property sold and delivered. *Missouri Farmers Ass'n v. Barry*, 710 S.W.2d 923, 927 (Mo.App.1986). Often an account of this nature is proved through a records custodian who introduces an original account record and testifies that the entries were made contemporaneously with the transaction and were correctly entered. *Bone*, 334 S.W.2d at 8. However, an account can also be proved by the oral testimony of a witness who has knowledge of the value of the merchandise shipped, the amount paid, and the balance outstanding. *Id.* at 8–9. Additionally, an account can be proved by a combination of oral testimony and documentary evidence. *Id.* at 9.

---

1. We observe that this computation is erroneous. After applying the payments, the balance remaining should be $23,383.70. However, this discrepancy was not noted at trial, nor raised on appeal.

In *Ahrens & McCarron v. Mullinex Corp.*, 793 S.W.2d 534, 537, 542 (Mo.App. 1990), we held there was sufficient evidence to support an award of $35,536.95 on an account. In that case seller's credit manager testified that she prepared an account summary showing an outstanding balance of $35,536.95, she prepared the summary from invoices and a billing statement, and the invoices and billing statement were admitted into evidence.

Similarly, in *Barry*, our Western District reversed a directed verdict entered for defendant. The court held that seller made a submissible case on an account where the seller proved through its employees' testimony 1) the items defendant purchased from it; 2) the charges; 3) the reasonableness of the charges; and 4) that the account remained unpaid. 710 S.W.2d at 925, 927.

In this case plaintiff introduced a computer generated account statement listing invoices for goods sold and delivered to defendant that were unpaid as of August 10, 1990. Plaintiff also introduced copies of the unpaid invoices listed on the statement, along with other invoices and credits. Further, plaintiff's comptroller testified that the invoices were prepared contemporaneously with shipment, with one copy of each sent to defendant. He also testified about the computerized accounting system which printed and tracked each invoice and credited payments in the accounts receivable program. He testified that all customer accounts were reconciled on a monthly basis, at which time paid invoices were purged from a customer's account. Plaintiff's comptroller further testified to the receipt of two payments from defendant which were applied to reduce defendant's outstanding balance as shown on the August 10, 1990 statement, but he added that an unpaid balance remained.[2] This was substantial evidence which satisfied the elements required to state an action on an open account. See MAI 26.03 [1969 New].

**2.** The computational error made at trial when the payments were subtracted from the outstanding balance does not affect the submissibility of the case. "Correctness" in cases discuss-

Plaintiff made a submissible case. The trial court erred in directing a verdict for defendant.

Reversed and remanded.

SMITH, P.J., and AHRENS, J., concur.

ing actions on account refers to the correctness of the items of indebtedness from which a balance can be calculated.