**DYNA FLEX LIMITED, Plaintiff–Respondent,**

v.

**Joseph L. CHARLEVILLE, D.D.S., Defendant–Appellant.**

No. 65144.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 10, 1995.

John T. Sluggett, III, Michael O'Brien, Clayton, for defendant-appellant.

William F. Whealen, Jr., Miller and Steeno, P.C., Clayton, for plaintiff-respondent.

SIMON, Judge.

Defendant Dr. Joseph L. Charleville ("Dentist") appeals from a judgment in favor of plaintiff Dyna Flex, Ltd. ("Dyna Flex") for damages in the amount of $11,930.42 plus interest and costs. Dyna Flex brought an action on account against Dentist, alleging that it sold him certain goods for which payment had not been made. Dentist answered that the goods in question, a number of porcelain dental inlays including crowns, bridges, and veneers, "were improper, ill-fitting, would break upon use and were unusable and ... the entire delivery was done in a very poor workmanlike manner." He further asserted by way of counterclaim that, as a result of the alleged defects in the inlays manufactured by Dyna Flex, he lost many patients and the income derived therefrom, and he sought damages of $15,000.00 therefor. On appeal, Dentist contends that the trial court erred in (1) entering against him a judgment that was "clearly against the weight of the overwhelming and uncontroverted evidence" that the inlays were defec-

tive, and (2) failing to reduce the award to Dyna Flex by $6554.76, the total of payments Dentist allegedly made to satisfy his debt to Dyna Flex. We affirm.

This was a court-tried case and, as such, our review is governed by the oft-cited principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32[1].

We find that there was substantial evidence to support the trial court's judgment. An action on account is based on contract. *Helmtec Indus., Inc. v. Motorcycle Stuff, Inc.,* 857 S.W.2d 334, 335[2] (Mo.App. E.D.1993). Sufficiency of proof depends upon the showing of an offer, an acceptance, consideration between the parties, the correctness of the account and the reasonableness of the charges. *Id.* To make a submissible case, the plaintiff must prove that (1) defendant requested plaintiff to furnish merchandise or services, (2) plaintiff accepted defendant's offer by furnishing such merchandise or services, and (3) the charges were reasonable. *Id.* at 335[2, 4]. Only the reasonableness of the charges was contested by Dentist in his answer and counterclaim.

The general manager of Dyna Flex testified at trial that the charges for the inlays were fair and reasonable, which constitutes substantial evidence for the trial court's judgment, particularly in light of the lack of testimony to the contrary. Dentist's position is that the charges were not reasonable because the inlays were defective. However, he presented no evidence that the breakage of the inlays resulted from manufacturing defects. According to his own testimony, improper installation by the dentist also could result in breakage or other problems with the inlays. The judgment, therefore, was not against the weight of the evidence. Dentist's first point is denied.

In his second point, Dentist maintains that he paid $6554.76 in partial satisfaction of the account in question here, and that the trial court erred by not ordering recoupment of that amount as part of the judgment. Recoupment is a defense in confession and avoidance and must be pled. *Gee v. Gee,* 605 S.W.2d 815, 817[3] (Mo.App.1980); Rule 55.08. Dentist did not plead this issue, but he argued it for the first time at trial. Failure to plead an affirmative defense results in waiver of that defense. *Detling v. Edelbrock,* 671 S.W.2d 265, 271[17] (Mo. banc 1984). Point denied.

Judgment affirmed.

AHRENS, P.J., and KAROHL, J., concur.