**Darrell BLAND, d/b/a Bland Construction Products, Plaintiff–Respondent,**

v.

**Robert SCHUBERT and Debra Schubert, d/b/a the Truss Shop, Defendants– Appellants.**

No. 21080.

Missouri Court of Appeals, Southern District, Division One.

March 25, 1997.

587.10 plus interest. On appeal, Defendants claim that the judgment was not supported by substantial evidence, or was against the weight of the evidence. We affirm.

Plaintiff sold construction materials and, in the early 1980s, began selling materials to Defendants, who owned "The Truss Shop." Plaintiff initially sold to Defendants on a C.O.D. basis, but he eventually acceded to Defendants' request that they be permitted to make purchases on account.

Defendants' purchases on the account began in April 1984. When Defendants made purchases, either Plaintiff or one of his employees would complete an invoice form which identified the customer, the item and quantity purchased, and the total cost. When Defendants made a payment on the account, an entry would be made in a deposit book indicating the amount paid. Plaintiff and Defendants continued to do business using the open account until June 1992.

When the parties were unable to agree on the amount owing on the account, Plaintiff hired Brent Cole in early 1993 to determine the balance due. Cole proceeded to inspect Plaintiff's invoices and deposit books, noting any invoices or deposit book entries identified by the name of "Schuby's Construction," "Bob Schubert," or "Truss Shop." These deposits and invoices were then entered in a ledger, identified with exhibit numbers, and tabulated to reach a final balance owed on the account.

Plaintiff filed suit on April 6, 1993 claiming a balance owing of $38,883.63. During discovery, it was found that Plaintiff had failed to adequately credit Defendants on their account, and Plaintiff filed a First Amended Petition on July 23, 1993, in which he claimed $33,363.09. As a result of further discovery, Plaintiff filed a Second Amended Petition on the first day of trial, requesting a judgment for $13,456.90. Shortly after trial commenced, the trial court permitted Plaintiff to amend the Second Amended Petition, by interlineation, to request $14,016.31.

Plaintiff was the only witness who testified at trial. During cross-examination, Plaintiff admitted that he had mistakenly included a $429.21 invoice on Defendants' account that

Chris L. Weber, Monett, for defendants–appellants.

Kevin L. Selby, Douglas & Douglas, Neosho, for plaintiff–respondent.

GARRISON, Judge.

Darrell Bland, d/b/a Bland Construction Products (Plaintiff), filed suit against Robert and Debra Schubert, d/b/a The Truss Shop (Defendants), on an open account. Trial was to the court, without a jury, and resulted in a judgment for Plaintiff in the amount of $13,-

should not have been applied to them. Therefore, Plaintiff agreed to reduce his prayer for relief by the amount of that invoice, which resulted in a final balance claimed by Plaintiff of $13,587.10. The invoices and deposit books were admitted into evidence, as well as the ledger prepared by Cole showing the outstanding balance claimed owing by Defendants. Following Plaintiff's case, Defendants rested without presenting any evidence.

■ On appeal, Defendants' sole point relied on is as follows:

The trial court erred in granting judgment to [Plaintiff] on his petition and such judgment is not supported by substantial evidence or it is against the weight of the evidence because [Plaintiff] failed to prove the correctness of his account in that the documents relied upon by [Plaintiff] were not contemporaneously made with the transaction, [Plaintiff's] evidence and records contained many inconsistencies, and [Plaintiff] amended his verified balance due five different times, all of which give rise to the inference that the [Plaintiff's] account was incorrect.

■ In this court-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *May Dept. Stores Co. v. Queen*, 771 S.W.2d 835, 835–36 (Mo.App. E.D.1989). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d at 32.

■ "A suit on an open account is a suit in contract." *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App. E.D. 1985). Plaintiff has the burden of proof to make a submissible case. *Id.* "Sufficiency of proof depends upon the showing of an offer, an acceptance, consideration between the parties, the correctness of the account and the reasonableness of the charges." *Dyna Flex Ltd. v. Charleville*, 890 S.W.2d 413, 414

(Mo.App. E.D.1995); *see also Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335 (Mo.App. E.D.1993). "Such evidence consists of proof that: 1) Defendant requested plaintiff to furnish merchandise or services; 2) plaintiff accepted the offer of the defendant by furnishing such merchandise or services; and 3) the charges were reasonable." *Welsch Furnace Co., Inc. v. Vescovo*, 805 S.W.2d 727, 728 (Mo.App. E.D.1991). To carry this burden of proof, a plaintiff must establish the essential elements of the cause by substantial evidence, or by inferences reasonably drawn from the evidence, and must remove the case from the realm of rank conjecture and surmise. *Id.*

Defendants concede in their brief that there was evidence before the trial court that Defendants requested materials from Plaintiff and that Plaintiff delivered them. Their challenge to the judgment is based on the contention that Plaintiff failed to prove the correctness of the account.

■ " 'Correctness' in cases discussing actions on account refers to the correctness of the items of indebtedness from which a balance can be calculated." *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d at 337 n. 2. It is not required that a plaintiff submit documentary proof containing both debits and credits, or a document containing the balance due. *Id.* at 336. A defendant in a suit on an open account has the burden of proof on the defense of payment. *J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 8 (Mo.1960). "Ordinarily an account is proved by proving each item thereof including date, correctness of each item contained in the account, the charge made and the reasonableness thereof." *Id.*

Defendants argue that there were discrepancies between some of the records made contemporaneously with the transactions as opposed to Cole's computations. For instance, they point out that one statement generated as of December 5, 1988 showed a balance of $3500 while the ledger prepared by Cole for the same date showed a balance of over $22,000. Plaintiff testified, however, that the lower balance was for a specific job and not for the total account.

Defendants cite *J.D. Streett & Co. v. Bone,* 334 S.W.2d at 8, for the proposition that the correctness of an account is often proved by testimony consisting of the original book of entry with a showing that such entries were contemporaneously and correctly made with the transaction. While this is one method of proving an account, it is by no means the exclusive method. "[A]n account can also be proved by the oral testimony of a witness who has knowledge of the value of the merchandise shipped, the amount paid, and the balance outstanding (citation omitted). Additionally, an account can be proved by a combination of oral testimony and documentary evidence." *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.,* 857 S.W.2d at 336. In the instant case, Plaintiff presented proof of the correctness of the account by his oral testimony and documentary evidence.

Defendants also contend that the numerous amendments to the balance claimed owing by Plaintiff demonstrate a failure to prove the correctness of the account. According to Defendants, "[b]ecause [Plaintiff] was constantly changing the balance, it was impossible to determine proper items of indebtedness or proper credits on which the ultimate balance could be calculated." They argue that "[t]he never ending changes by [Plaintiff] raise the inference that the [Plaintiff's] recap [1] was mere conjecture and can only raise the inference that the account was incorrect."

Where, as here, Defendants attack the judgment based on the sufficiency of the evidence, we accept as true the evidence and inferences from the evidence that are favorable to the trial court's judgment and disregard contrary evidence. *In re Marriage of Barnes,* 855 S.W.2d 451, 454 (Mo. App. S.D.1993). Furthermore, we give considerable deference to judgments based on evidentiary and factual evaluations by the trial court. *Jordan v. Stallings,* 911 S.W.2d 653, 656 (Mo.App. S.D.1995).

In this court-tried case, credibility of witnesses and the weight to be given their testimony was a matter for the trial court, which was free to believe none, part or all of the testimony of any witness. On appeal in a court-tried case, an appellate court defers to the trial court on factual issues because it is in a better position to not only judge the credibility of witnesses directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record. We assume the trial court believed the testimony consistent with its judgment. *Matthews v. Moore,* 911 S.W.2d 664, 668 (Mo.App. S.D.1995) (citations omitted).

In finding for Plaintiff in the amount of $13,587.10 plus interest, the trial court acknowledged that Plaintiff's accounting system was "not a model one." Nevertheless, the court found that Plaintiff made a submissible case, and met his burden of proof.

Plaintiff's testimony and the documentary evidence admitted at trial constituted sufficient substantial evidence to support the judgment. Whether such testimony was to be believed was for the finder of fact. *See Bodine Aluminum Co., Inc. v. Mitauer,* 776 S.W.2d 485, 486 (Mo.App. E.D.1989).

We are not firmly convinced that the judgment was wrong, and we cannot, therefore, hold that the trial court's judgment was against the weight of the evidence.

Affirmed.

BARNEY, P.J., and PREWITT, J., concur.

---

1. The "recap" refers to the ledger prepared by Cole.