ASSOCIATED BEARINGS CO.,
Plaintiff–Respondent,

v.

SOUTHWEST LATEX SUPPLY,
INC., Defendant,

and

Southwest Latex Miller, Inc.,
Defendant–Appellant.

No. 21782.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 20, 1998.

John C. Banning, Fitzsimmons, Schroeder & Nelson, Springfield, for Appellant.

No brief filed by Respondent.

PREWITT, Judge.

Plaintiff sought judgment against Defendants for certain merchandise sold on account. Following non-jury trial, judgment was entered against both Defendants. Defendant Southwest Latex Miller, Inc. appeals.

For one of Appellant's points, it contends that the trial court erred in entering judgment against it because the evidence was insufficient to prove that it had purchased any product on account from Plaintiff. We conclude that this point has merit and is dispositive of this appeal.[1]

██ Review is under Rule 73.01(c). As that rule is interpreted, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Humphrey v. Sisk*, 890 S.W.2d 18, 20 (Mo.App.1994). Here, we determine that there was no substantial evidence to support the judgment against Appellant.

██ An action on an account is based in contract. *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335 (Mo.App.1993). There must be a showing of an offer, an acceptance, and consideration, as well as the correctness of the account and the reasonableness of the charge. *Id.* The plaintiff has the burden of proof to make a submissible case. *Id.* Under this burden, plaintiff must present more than mere conjecture and must establish its case by substantial evidence having probative value or by reasonable inferences which can be drawn from the evidence. *Id.* Under this standard, plaintiff must prove that defendant requested Plaintiff to furnish the merchandise or services, plaintiff accepted defendant's offer by furnishing such merchandise and services, and that the charges were reasonable. *Id.*

Southwest Latex Supply, Inc. apparently was the customer who ordered the products and all records introduced in evidence showed that Plaintiff thought it was dealing only with it and shipped, invoiced, and billed the goods to it. Plaintiff–Respondent's sole witness testified that Southwest Latex Supply, Inc. requested the products, that Plaintiff accepted the purchase order for them, and "delivered the parts and invoices to Southwest Latex for the materials." The witness testified that subsequent to the sale of the products to Southwest Latex Supply, Inc., that Southwest Latex Miller, Inc. obtained the ownership of the property where the products were delivered. The witness believed that the products that were delivered to Southwest Latex Supply, Inc. were subsequently in the possession of Southwest Latex Miller, Inc. The witness agreed in cross-examination that he was "just assuming ... that those were Southwest Latex Miller orders because they were delivered to Miller, Missouri." He stated that, as far as he knew, "we were dealing with one entity Southwest Latex." It was only after the

---

1. No brief was filed by Respondent. While there is no penalty for not filing a brief, we are forced to adjudicate Appellant's claim without the benefit of whatever argument, if any, Respondent could have made. *See Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479, n. 3 (Mo.App. 1996).

goods were delivered that he learned of the existence of Southwest Latex Miller, Inc.

Plaintiff-Respondent failed in its burden of proving showing that Defendant–Appellant either requested the merchandise or it was delivered by Plaintiff to it. That Appellant may ultimately have been in possession of some of the product does not make it liable on account, absent a showing that it ordered the merchandise.

The judgment is affirmed as to Southwest Latex Supply, Inc., and reversed as to Southwest Latex Miller, Inc., and the cause is remanded with directions to the trial court to amend its judgment accordingly.

GARRISON, P.J., and CROW, J., concur.