**FLAMINGO POOLS, SPAS, SUN-ROOMS & MORE STORE, INC.,**
Plaintiff–Appellant,

v.

**Aaron Matthew PENROD and Adrianne Joy Penrod, De-fendants–Respondents.**

No. 22576.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1999.

C. Bradley Tuck, Tuck & Lukachick, P.C., Springfield, Mo., for Appellant.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, Mo., for Respondents.

JAMES K. PREWITT, Presiding Judge.

Plaintiff constructed a swimming pool for Defendants at Defendants' residence. Following the completion of that construction, Plaintiff brought this action, seeking $8,571.23, plus interest and attorney's fees from Defendants. Following non-jury trial, judgment was entered in favor of Plaintiff for $4,600.00, with interest. Plaintiff appeals, contending (Point I) that the trial court erred in not entering judgment for the amount prayed, and (Point II) in not awarding Plaintiff its attorney's fees. Re-

view is under Rule 73.01(c). For the interpretation of that rule, see *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App. 1990).

Plaintiff instituted the action with its "Petition on Mechanic's Lien and Account." The Petition was in two counts, Count I seeking $8,571.23, with interest and attorney's fees, together with a special judgment of mechanic's lien subjecting the Defendants' real estate to a lien for that amount. Count II sought $8,571.23, plus interest and attorney's fees for Defendants' failure to pay an "account."

Defendants answered and separately filed two-count counterclaims seeking the same relief. Count I sought attorney's fees. Count II contended that the mechanic's lien filed by Plaintiff was invalid. Following the presentation of evidence at the trial, Plaintiff abandoned its claim for mechanic's lien, and Defendants dismissed Count II of their counterclaims.

The trial court's judgment recites that Plaintiff has abandoned its claim for a mechanic's lien and Defendants dismissed their claim for "slander of title" following the hearing of evidence at the trial. The remaining relief requested by Defendants on their counterclaim was denied.

Prior to construction on the pool, the parties entered into a written contract containing a "rock clause," providing for additional compensation should rock or certain other materials be encountered while excavating for the pool. There is no dispute that rock was encountered and that extra work was necessary. The judgment contains a discussion of the validity of the "rock clause." Defendants contend that this clause conflicted with a clause requiring any changes to be in writing, and there was no writing following the discovery of the rock. However, the judgment proceeded to allow recovery under the rock excavation provision of the contract, the trial judge stating:

[A] view of all of the evidence heard in this trial leads this judge to believe the charge [for rock excavation]was excessive. First the contractor [Plaintiff] suggested the defendant[s] get a third party to do the excavation which they did for an additional $2,000.00. The plaintiff's foreman admitted he used the third parties' [sic] equipment without the contractor[']s consent and charged for his services at $175.00 per hour, there were additional charges because the pool excavation filled with water due to rain and having to wait on some concrete which plaintiff did not have a sufficient quantity of to complete the job which found its way onto the additional billing. Viewing all relevant facts and testimony, the Court finds that $2,000.00 additional will reasonably compensate the plaintiff under this contract.

The trial court also included in the judgment $2,600.00, which was the balance undisputably due on the contract. Defendants had attempted to pay that amount by check, but the check was returned by Plaintiff because Defendants had written on the check language indicating that by payment of the $2,600.00, Defendants' obligations under the contract were paid in full.

■ Plaintiff contends that the trial court erred in not allowing what it contends was the "actual costs" for rock removal, $5,799.99. It also contends that the trial court erred in its comments regarding the validity of the rock removal clause, but, as the trial court allowed recovery under this clause, its apparent criticism is not material to our discussion. Recovery was allowed but was reduced because the trial court did not believe Plaintiff's evidence regarding the extent of the cost for rock removal.

■ Plaintiff had the burden of proof to convince the trial judge, as the trier of fact, of the extent of its claim. Plaintiff, in an action on account, has the burden of proof to make a submissible case and under this burden must present more than mere conjecture and must establish its

case by substantial evidence having probative value or by reasonable inferences which can be drawn from the evidence. *Associated Bearings Co. v. Southwest Latex Supply, Inc.,* 962 S.W.2d 918, 919 (Mo. App.1998). Part of the proof necessary is that the charges were reasonable. *Id.*

The trial court heard the evidence and viewed the witnesses, and this Court must give "due regard ... to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). So viewed, and on our limited review, we cannot say that the trial court erred in finding that a reasonable charge for the rock excavation was $2,000.00.

■ The contract which Plaintiff and Defendant Aaron Matthew Penrod signed contained a provision providing for the payment of "reasonable attorney fees" associated with obligations under the contract. However, Count II of the Petition was based on account and did not seek attorney's fees under the contract. Even if the contract does provide for attorney's fees in this situation, the trial court did not err in not awarding them.

■ A party may only recover attorney's fees under a contract provision if it is the prevailing party. *Ken Cucchi Constr., Inc. v. O'Keefe,* 973 S.W.2d 520, 528 (Mo. App.1998). A prevailing party is the party prevailing on the main issue in dispute. *Id.* The trial court may have found that the extent of the rock removal cost was the main issue. On that issue Plaintiff received just slightly more than one-third of the amount requested. As illustrated by Plaintiff's contention in its Point I, Plaintiff does not consider that it prevailed on the "rock clause" issue. *Cf. Ken Cucchi Constr., Inc.,* 973 S.W.2d at 528.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.