OBERKRAMER CONTRACTING,
INC., Respondent,

v.

CAPITOL INDEMNITY
CORPORATION,
Appellant.

No. ED 81388.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 2003.

Gary V. Fulghum, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for Appellant.

Gordon Rolla Upchurch, Baylard, Billington & Dempsey, P.C., Union, MO, for Respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, Capitol Indemnity Corporation ("CIC"), appeals the judgment of the Circuit Court of Franklin County in favor of respondent, Oberkramer Contracting, Inc. ("Contractor"). The trial court found that Contractor was entitled to recover on a contract for an account of $6,240.00 plus interest. We affirm.

After Riverside Construction defaulted, CIC, as the bonding agent, assumed responsibility for the removal of concrete barriers along Interstate 70. On April 3, 2001, CIC entered into a contract with Contractor for Contractor "to remove barriers from 70 & Grand Project and haul and stack at I–270 & I–370 site for the rate of $3.25 per foot." This agreement contemplated the removal of 16,000 feet of barriers in three phases. After the first phase did not amount to one-third of the contemplated 16,000 feet, Contractor was assured that the next phase would make up for the difference. However, after performing the first two phases, Contractor had still not removed, hauled, and stacked even one-half of the contemplated 16,000 feet total. As a result, CIC offered Contractor $4.00 per foot to complete the third phase, which consisted of about 1,560 feet of barrier because the total linear feet of barriers was substantially less than the 16,000 feet first contemplated by the parties. Contractor and CIC agreed to this change order.

Before Contractor began work on this last phase of the contract, the Missouri Department of Transportation ("MoDOT") contacted it. MoDOT asked Contractor if it would be interested in loading the barriers on military trucks and having the military haul them away. Contractor agreed. As a result, on September 24, 2001, Contractor removed the barriers and loaded them onto the military trucks, and the military hauled them away.

On September 25, 2001, Contractor sent an invoice to CIC for the services performed the previous day. Specifically, under the "Description" column of the invoice

it stated "LOAD AND HAUL OUT BAR-RIERS FROM I–70 & SCHREVE AVE-NUE." Under the "Truck No." column of the invoice was the word "HAULING." Under the "Qty." "Rate" and "Amount" columns it stated "1,560", "4.00" and "6,240.00" respectively. CIC failed to pay the amount of $6240.00 stated on the invoice, and Contractor brought this suit on account.

On May 6, 2002, a one-day bench trial was held. Andy Anderson ("Mr. Anderson"), a senior examiner at CIC, and Gerald Oberkramer ("Mr. Oberkramer"), owner of Contractor, testified for Contractor. Andy Anderson and Mark Berry, a construction technician with MoDOT, testified on behalf of CIC. The invoice dated September 25, 2001, along with other documentary evidence, was admitted. The trial court found that Contractor was entitled to recover on its suit on account. Judgment was entered in favor of Contractor for $6,240.00 plus interest. CIC appeals.

In reviewing a bench-tried case, we will reverse if there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, the judgment declares the law erroneously, or the judgment applies the law erroneously. *City of St. Louis v. Riverside Waste Manag.*, 73 S.W.3d 794, 796 (Mo.App. E.D. 2002). In applying this standard, we review the evidence in the light most favorable to the verdict. *Id.*

In its first point on appeal, CIC asserts that the trial court erred in granting judgment for Contractor because Contractor failed to satisfy its burden of proving the reasonableness of its charges. Specifically, CIC contends Contractor failed to perform all the services for which it billed CIC; therefore, the charges were not reasonable.

■ A suit on account is an action at law to recover money for property sold and delivered or services performed. *Helmtec Industries v. Motorcycle Stuff*, 857 S.W.2d 334, 336 (Mo.App. E.D.1993). Plaintiff has the burden of proof to make a submissible case and must present more than mere conjecture to meet this burden. *Id.* at 335. Plaintiff must establish its case by substantial evidence having probative value or by reasonable inferences, which can be drawn from its evidence. *Id.* Sufficiency of proof depends on the showing of: (1) an offer, (2) an acceptance, (3) consideration between the parties, (4) the reasonableness of the charges, and (5) the correctness of the account. *Dyna Flex Ltd. v. Charleville*, 890 S.W.2d 413, 414 (Mo. App. E.D.1995). Reasonableness of the charges can be established by proving: (1) the reasonableness of the total number of hours expended coupled with evidence that the hourly rate was reasonable; or (2) the lump sum amount was reasonable. *Massac Environ. Tech. v. Futura Coatings*, 929 S.W.2d 318, 320 (Mo.App. E.D.1996).

In *Massac Environ. Tech.*, the company president testified as to how the charges were calculated and he further explained that the charges were fair and reasonable for such a project. *Id.* This court found that a party may place value upon its own services, and this evidence was sufficient to present a submissible case on the issue of reasonableness of the charges. *Id.* Furthermore, this court in *Dyna Flex Ltd.*, found that substantial evidence was presented that the charges for inlays sold to a dentist were reasonable based upon the testimony of the general manager of the company who sold the inlays to the dentist. *Dyna Flex Ltd.*, 890 S.W.2d at 414. The general manager testified the charges were reasonable. *Id.*

In this case, Mr. Oberkramer, the owner of Contractor, testified that he had contracted with CIC to remove 16,000 feet of

concrete barriers in three phases at a rate of $3.25 per linear foot. After the first and second phases only amounted to between 7,000 and 9,000 feet, Mr. Oberkramer testified that CIC agreed to a change order whereby CIC was to pay Contractor $4.00 per linear foot to remove the remaining 1,560 feet of barriers. Mr. Oberkramer also testified that this was a fair and reasonable charge for the work his company did. Taking into consideration a party's ability to place a value on its own services, the adjustment in the price per foot from $3.25 to $4.00 was reasonable. Therefore, there is substantial evidence to support the trial court's judgment. Point denied.

▇ In its second point on appeal, CIC claims that the trial court erred in granting judgment for Contractor because Contractor failed to satisfy its burden of proving the correctness of its charges. CIC argues the charges on the invoice were incorrect. Specifically, CIC contends the services performed by Contractor, which were described on the invoice as "LOAD AND HAUL OUT BARRIERS FROM I–70 & SCHREVE AVENUE" were incorrect because Contractor did not personally load and haul out the barriers.

A suit on account is frequently proved through a records custodian who introduces an original account record and testifies that the entries were made contemporaneously with the transaction and were correctly entered. *Helmtec Industries,* 857 S.W.2d at 336. However, an account may also be proved by the oral testimony of a witness who has knowledge of the value of the merchandise shipped or services rendered, the amount paid, and the balance outstanding. *Id.* Further, a combination of oral testimony and documentary evidence may also be used to prove an account. *Id.* "Correctness" in this context refers to the correctness of the items of indebtedness from which a balance can be calculated. *Id.* at 337 n. 2.

Mr. Oberkramer testified that Contractor loaded the barriers. Mr. Oberkramer testified that Contractor formed an agreement to have the military haul away the barriers. Additionally, Mr. Oberkramer testified the barriers were hauled under his direction and that he "directed the job." Furthermore, Mr. Oberkramer, testified that "it wasn't discussed between [Mr. Anderson and Mr. Oberkramer] how [Mr. Oberkramer] was going to [haul] or who was going to haul [the barriers]. [Mr. Oberkramer] just removed the barriers and hauled them." We find that a combination of the invoice and the oral testimony was sufficient evidence to prove the correctness of the account because the barriers were "LOAD[ED] & HAUL[ED] OUT" as was described on the invoice. Point denied.

Contractor made a submissible case for this suit on account and there was substantial evidence to support the trial court's judgment. As a result, Contractor properly billed CIC for $6,240.00 for its work on the third phase of the project.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, P.J. and KATHIANNE KNAUP CRANE, J., concur.