AIR EVAC, EMS, INC., d/b/a Air EVAC Aviation, Plaintiff/Respondent,

v.

Randall E. PALEN, Defendant/Appellant.

No. ED 81655.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 12, 2003.

---

**1.** Defendant's motion to file supplemental legal file is granted.

Walter S. Drusch, Cape Girardeau, MO, for appellant.

Clinton B. Roberts, Sonya D. Day, Farmington, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Randall Palen ("Defendant") appeals the judgment against him and in favor of Air Evac, EMS, Inc. ("Plaintiff") in an action on account. We reverse and remand.

Plaintiff filed a petition alleging it had provided labor, parts, fuel, oil and storage for a Beagle aircraft owned by Defendant

and that Defendant was indebted to Plaintiff on account for said items and repairs in the sum of $6,859.22. Defendant denied the allegations.

The bench trial in this matter was held on March 18, 2002, in the associate circuit court. In support of the allegations contained in the petition, Plaintiff called two witnesses: Mr. Jack Bates, Plaintiff's Director of Administration, and Dr. James Palen, the prior owner of the aircraft and father of the Defendant. Defendant also testified on his own behalf.

Mr. Bates testified that Plaintiff is an air ambulance company that previously operated Air Evac Aviation, a facility located at Cape Girardeau Regional Airport, which sold fuel and provided hangaring, tie down, charter, and aircraft maintenance services at the airport. Mr. Bates testified regarding invoices and statements periodically sent out demanding payment for work and services for the aircraft from July 1999 to March 2000, although the last work performed was reflected in a shop service invoice dated September 14, 1999. All of the invoices introduced into evidence were billed to Dr. James Palen, Defendant's father, who was the prior owner of the airplane. According to Exhibit A to the petition, the aircraft was registered to Defendant on February 9, 2000. Mr. Bates stated that the invoices, which were prepared under his supervision, represented a full accounting for all the charges made. He also testified that $6,302.03, the full amount due Plaintiff, was a reasonable and fair amount in the Cape Girardeau area for the work performed. Mr. Bates also identified a letter dated February 17, 2000, from Defendant to Plaintiff's former CEO identifying Defendant as the owner of the airplane.

Dr. James Palen testified that he had been the owner of the Beagle aircraft in question and had also owned a Cessna. At the time he owned both planes, he had a large debt with the Internal Revenue Service ("IRS"). Dr. Palen wanted to transfer the planes so the IRS would not take them. He transferred the Cessna to his son Mark, who transferred it to a trust. He transferred the Beagle aircraft to Defendant.

Dr. Palen testified that after the Cessna was transferred to the trust, he acted as an agent for the trust when Plaintiff serviced it. As for the Beagle, however, Dr. Palen testified that any services for the Beagle he had authorized were completed before he transferred it to Defendant. He notified Plaintiff when he transferred the Cessna but did not notify Plaintiff when he transferred the Beagle to Defendant. He was unaware that Defendant requested Plaintiff to perform any work on the Beagle aside from a minor tire repair discussed in Defendant's letter identified by Mr. Bates.

Defendant conceded that he paid nothing for the Beagle aircraft when title was transferred to him in December 1999. He sold the plane approximately six months prior to trial. He knew his father had transferred the airplane to him to prevent the IRS from collecting a debt. Defendant testified he did not know anything about a debt to Plaintiff for services performed on the airplane until he was served with the petition.

On July 25, 2000, after receiving post-trial memoranda, the trial court entered judgment for Plaintiff in the amount sought in the petition, plus interest.

■ We will first address Defendant's second point which challenges our jurisdiction. Defendant claims that the judgment is void because it was tried before an associate circuit judge without a jury and the court did not render its judgment within 30 days after submission as required by

section 517.111.2 RSMo 2000. *See Kamp v. Grantham,* 937 S.W.2d 258, 259 (Mo. App.1996). We find Defendant's contention is not supported by the record. Although the case was tried on March 18, 2002, and judgment was not entered until July 25, 2002, the court did not take the case under submission on the date of trial. Instead, it granted the parties leave to submit post-trial memoranda. The date the case was actually taken under submission by the court cannot be determined from the record before us. Thus, the record does not support Defendant's claim that the judgment violated section 517.111.2. Point denied.

■ In his first point, Defendant claims the trial court erred in rendering judgment in favor of Plaintiff because Plaintiff failed to make a submissible case in that it failed to present any evidence that Defendant had any connection with the airplane at the time the services were rendered or that Defendant made any request whatsoever for Plaintiff to perform the services for which it sought compensation. We agree.

■ In this court-tried case, we must sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). All evidence favorable to the judgment and all inferences to be drawn from the evidence are accepted as true, and all contrary evidence is disregarded. *Pinnell v. Jacobs,* 873 S.W.2d 925, 927 (Mo.App.1994).

■ An action on an account is based in contract. *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.,* 857 S.W.2d 334, 335 (Mo.App.1993). There must be a showing of an offer, an acceptance, and consideration, as well as the correctness of the account and the reasonableness of the charge. *Id.* The plaintiff has the burden of proof to make a submissible case. *Id.* Under this burden, plaintiff must present more than mere conjecture and must establish its case by substantial evidence having probative value or by reasonable inferences which can be drawn from the evidence. *Id.* Under this standard, plaintiff must prove that defendant requested plaintiff to furnish the merchandise or services, plaintiff accepted defendant's offer by furnishing such merchandise and services, and that the charges were reasonable. *Id.*

In this case, Plaintiff failed to produce any evidence that Defendant requested any of the services for which it sought compensation. The only evidence of any communication between Plaintiff and Defendant was a letter dated more than four months after Plaintiff rendered the last services for which it sought compensation, and it did not relate in any way to the services previously rendered. Thus, Plaintiff failed to make a submissible case for a suit on account and the cause must be reversed and remanded with directions to enter judgment for Defendant.

LAWRENCE E. MOONEY, C.J., Concurs.

ROBERT G. DOWD, JR., J., Concurs.