**BARTLOW–HOPE ELECTRICAL CORP., Respondent,**

v.

**Stanley and Teresa L. HERZOG, Appellants.**

**No. WD 36067.**

Missouri Court of Appeals, Western District.

June 4, 1985.

Martin M. Bauman, Bauman and Liles, St. Joseph, for appellants.

Michael Taylor, Watkins, Boulware, Lucas & Miner, St. Joseph, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

CLARK, Presiding Judge.

This is a suit on account by an electrical contractor for materials and labor furnished under an oral agreement. The trial court gave judgment to the plaintiff against both defendants for the amount claimed plus interest at 10% and the defendants appeal.

Three points of trial error are asserted. (1) The amount claimed due, and the judgment entered for that sum, was incorrect because it exceeded the amount of an agreed "maximum estimate". (2) Interest at 10% should not have been allowed because there was no agreement to pay interest and statutory interest cannot be awarded because the amount of the debt was unliquidated. (3) In any event, no judgment should have been rendered against Stanley Herzog because there was no proof he contracted for the services or agreed to be responsible for the account.

The evidence in the case consisted of testimony by Lloyd Hope, president of respondent, and by appellant Teresa Herzog. To the extent that evidence was uncontested, it appears that Hope was first contacted by Stanley Herzog who informed Hope

that he was considering the purchase of an old, three story home in St. Joseph. The intent was to remodel the structure into apartments for multi-family occupancy. He requested that Hope give him an estimate of the cost to rewire the building. According to Hope, he told Stanley the cost would be between $4,000.00 and $8,000.00 with charges on a time and material basis. From this point forward, there was no evidence of any participation in the transaction by Stanley Herzog. Subsequent arrangements were between Hope and Teresa Herzog, Stanley's wife.

After the estimate had been given, Mrs. Herzog instructed Hope to proceed with the work. Apparently the building had then been purchased although no evidence of this or the status of the title was offered. As Mrs. Herzog described the instruction to Hope, he was to commence work and see how far he could get with the funds the Herzogs had available. The work did go forward with partial billings given to appellants and paid. When the job was about two-thirds completed, Mrs. Herzog expressed concern that the bill would exceed $5,000.00, the amount she had expected to spend. Hope told her it was possible the work could be completed within that amount, but it was an estimate only. The evidence was disputed as to whether Mrs. Herzog told Hope to cease work when the $5,000.00 limit had been reached or, whether the job could, from a practical standpoint, have been interrupted effectively at that stage. As it finally developed, the total cost was $7,043.26, of which amount $3,267.95 was unpaid and was claimed in this action.

The judgment in the case was entered against Stanley and Teresa Herzog for $3,267.95 plus interest of $667.82 accrued at the rate of 10% and interest at the same rate thereafter until the judgment was paid.

■ The first point which appellants urge is merely a claim that Mrs. Herzog's version of the agreement for the work should have been accepted and the account as related by Lloyd Hope, should have been rejected. The two witness' testimony was at variance as to whether the "maximum estimate" amounted to a firm bid which precluded respondent from submitting charges in excess of that amount or whether the estimate was no more than that and permitted charges within a reasonable range commensurate with the services provided. The trial court found the respondent's evidence to be the more credible. We are bound by that determination because conflicts in evidence are for the trial court to resolve. *Moreland v. State Farm Fire and Casualty Company*, 662 S.W.2d 556 (Mo.App.1983).

Appellants' complaint as to the allowance of interest at a 10% rate is valid, although the consequence is of minimal dollar significance because respondent is entitled to interest at the legal rate of 9%, §§ 408.020 and 408.040, RSMo.Supp.1984.

■ The basis for the trial court's allowance of 10% interest is not clear. According to Mr. Hope's testimony, his invoices to appellants bore a stamp showing "1½% interest". He did not claim this amount, however but testified he was asking 10%. Apart from the fact that appellants did receive invoices showing the interest charge stamp, there was no other evidence bearing on an interest charge against accounts and no proof at all that appellants ever agreed to pay any sum as interest. Respondents cite no authority for the proposition, apparently advocated in support of the judgment, that the respondent is entitled to interest above the statutory rate merely because a rate is shown on an invoice. We conclude that the trial court erred in awarding interest at 10%. The correct sum is the amount derived at the statutory rate of 9%.

In the same point, appellants urge that no pre-judgment interest should have been awarded because the account was unliquidated. This argument is based on appellants' claim that the balance due respondent was disputed. While it is true that no interest may be awarded prior to judgment on unliquidated damages, the mere fact that a dispute exists as to liability for pay-

ment does not make the account unliquidated. *Foley Co. v. Walnut Associates,* 597 S.W.2d 685, 692 (Mo.App.1980). A claim is said to be liquidated so as to bear interest when the amount due is fixed by law or by agreement between the parties. The existence of a bona fide dispute as to the amount of the debt does not preclude recovery of interest because it is the character of the claim that determines whether it is liquidated. *Twin River Const. Co. v. Public Water Dist.,* 653 S.W.2d 682, 695 (Mo.App.1983).

Respondent was entitled to interest on its account balance at the rate of 9% per year from March 3, 1982, the date on which Hope testified the debt became due, to the date of trial, § 408.020, RSMo.Supp.1984, and the interest thereafter on the judgment at the statutory rate.

In the final point, appellant Stanley Herzog says there was no evidence he engaged the services of respondent to do more than provide an estimate of costs and no proof that whatever Teresa Herzog did with respect to hiring respondent was done with Stanley's concurrence or for his account as agent. It is apparent from the brief trial record that after the estimate was made, Lloyd Hope dealt entirely with Teresa Herzog. Hope so testified. In this circumstance, the only basis for holding Stanley liable on the contract theory under which the case was presented was one of agency in Teresa to bind her husband.

There is no presumption of agency, the burden being on the party asserting the fact to prove agency. Neither spouse is empowered to act as agent for the other merely because of the marital relationship. Absent proof of facts or circumstances showing agency, the power to act as agent for the non-participating spouse will not be inferred. *Dickey Co. v. Kanan,* 537 S.W.2d 430, 434 (Mo.App.1976).

This record is barren of any proof of participation by Stanley Herzog in the engagement of respondent's services, in approval or sanction of the work or the expenses incurred, except for some use by Teresa of the pronoun "we" when she testified as to some events. It is hornbook law that agency may not be shown entirely by declarations of the purported agent. Respondent made no case of liability as to Stanley Herzog and the trial court therefore erred in entering judgment against him.

The judgment entered in favor of respondent and against appellant Stanley Herzog is reversed. The judgment entered in favor of respondent and against appellant Teresa Herzog is ordered modified to reduce the rate of interest to 9% per annum. The cause is remanded with directions for entry of judgment accordingly. Respondent's motion for damages for frivolous appeal is denied.

All concur.