Donald C. AUSTIN, M.D., Appellant,

v.

William H. PICKETT,
P.C., Respondent.

No. WD 60391.

Missouri Court of Appeals,
Western District.

Aug. 20, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 2002.

Application for Transfer Denied
Nov. 26, 2002.

Keith J. Shuttleworth, Kansas City, for appellant.

William H. Pickett, Kansas City, for respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, P.J.

Donald C. Austin, M.D. appeals the judgment of the trial court following a bench trial in favor of William H. Pickett, P.C. (the Law Firm) in Dr. Austin's action on account. He contends that the judgment is not supported by substantial evidence and is against the weight of the evidence. The judgment of the trial court is reversed, and the case is remanded to the trial court with directions.

Dr. Austin and the Law Firm entered into a written agreement on April 1, 1996, wherein Dr. Austin agreed to provide consulting services to the Law Firm for a fee. Specifically, Dr. Austin agreed to review documents in a medical malpractice case to assist the Law Firm in ascertaining the merits of the claim. The agreement further provided that the time necessary to complete the review would be ten to twelve weeks, that the Law Firm would then be notified of the total charge for the review, and that upon payment of the total charge, Dr. Austin would discuss his findings with the Law Firm. Dr. Austin received the first set of records for review on March 26, 1996. Dr. Austin received another set of documents for review from the Law Firm on July 16 or 17, 1996. A similar agreement was signed by the parties on July 20, 1996, for Dr. Austin's review of the second set of documents.

Dr. Austin notified the Law Firm by letter dated September 23, 1996, that he had completed the review of the first set of documents. He enclosed a bill for $4,900 for review of the documents minus $750 already paid by the Law Firm as a retainer for a balance due of $4,150. Dr. Austin explained in the letter that once the bill

was paid, he would discuss the matter preliminarily with the Law Firm. He advised the Law Firm to arrange a telephone conference through his secretary.

Dr. Austin reviewed part of the second set of documents on October 3, 1996. He charged $2,500 for this review and sent the Law Firm a bill showing a balance of $6,650, which included the previous balance of $4,150. The Law Firm sent Dr. Austin a check for $4,150 on October 16, 1996. A week later, Dr. Austin sent the Law Firm a statement showing a remaining balance of $2,500.

Dr. Austin's office manager communicated with the Law Firm by telephone and fax on December 10 and 12, 1996, regarding whether it wanted Dr. Austin to review the rest of the documents and Dr. Austin's requirement that the $2,500 balance be paid before he spoke with the Law Firm. Dr. Austin reviewed the remaining documents on December 28, 1996. Thereafter, he sent the Law Firm a statement showing a balance due of $5,650, which included the previous balance of $2,500.

Dr. Austin's office manager and the Law Firm communicated several times between March and May 1997 regarding the outstanding balance due by the Law Firm and William Pickett's [1] desire to speak with Dr. Austin. Dr. Austin and Mr. Pickett eventually conversed by telephone sometime between May 27, 1997, and June 12, 1997. The Law Firm then sent a letter dated June 12, 1997, and signed by Mr. Pickett to Dr. Austin's office manager stating that Dr. Austin would be employed as the Law Firm's client's expert on the case and that the remaining balance due to Dr. Austin for work performed would be paid within sixty days. The Law Firm, however, did not pay the bill within sixty days. The Law Firm sent Dr. Austin another letter on November 5, 1997, stating that the trial had been set for November 1998 and that the remaining balance of $5,650 would be paid prior to any depositions requested of him. Dr. Austin never received payment of the $5,650 balance.

Dr. Austin filed his first amended petition on account against the Law Firm on June 18, 2000, seeking a money judgment in the amount of $5,650 plus prejudgment interest. Thereafter, the Law Firm filed its answer asserting the affirmative defense of failure of consideration and its counterclaim for breach of contract. Following a bench trial, the trial court entered judgment in favor of the Law Firm on Dr. Austin's first amended petition on account and in favor of Dr. Austin on the Law Firm's counterclaim. This appeal by Dr. Austin followed.

In his sole point on appeal, Dr. Austin claims that the trial court's judgment in favor of the Law Firm is not supported by substantial evidence and is against the weight of the evidence. Specifically, he contends that substantial evidence established that any breach of the contracts by him was waived by the Law Firm.

## Standard of Review

In a court-tried case, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). A judgment should be set aside on the basis that it is against the weight of the evidence only with caution and a firm belief that the judgment is wrong. *Wildflower Cmty. Ass'n v. Rinderknecht*, 25 S.W.3d 530, 536 (Mo.App. W.D.2000). "Weight of the evidence" refers to the evidence's weight in

---

1. Mr. Pickett is the Law Firm's president and chief executive officer.

probative value or its effect in inducing belief, not its quantity. *Id.* (citation omitted).

## Suit for Action on Account

■ An action on account is an action at law to recover money for property sold and delivered or for services performed. *Helmtec Indus., Inc. v. Motorcycle Stuff, Inc.,* 857 S.W.2d 334, 336 (Mo.App. E.D. 1993). It is an action based in contract. *Raysik v. Standiford,* 944 S.W.2d 288, 291 (Mo.App. W.D.1997); *Dyna Flex Ltd. v. Charleville,* 890 S.W.2d 413, 414 (Mo.App. E.D.1995). Sufficiency of proof depends upon a showing of an offer, an acceptance, consideration, correctness of the account, and the reasonableness of the charges. *Id.* Specifically, the plaintiff must prove that (1) defendant requested plaintiff to furnish merchandise or services, (2) plaintiff accepted defendant's offer by furnishing such merchandise or services, and (3) the charges were reasonable. *Id.* An action on account is often proved through a records custodian who introduces an original account record and testifies that the entries were made contemporaneously with the transaction and were correctly entered. *Helmtec,* 857 S.W.2d at 336. An account may also be proved by the oral testimony of a witness who has knowledge of the value of the merchandise shipped or services rendered, the amount paid, and the balance outstanding. *Id.* Additionally, an account can be proved by a combination of documentary evidence and oral testimony. *Id.* The defendant's only burden is to prove any affirmative defenses. *Id.* at 335.

## Discussion

■ In attempting to prove his case, Dr. Austin testified that he entered into two contracts with the Law Firm in April and July 1996 wherein he agreed to provide consulting services to the Law Firm for a fee. The contracts were introduced into evidence and provided that Dr. Austin would review documents to ascertain the merits of a medical malpractice claim and that after the Law Firm paid the total charge for the review, Dr. Austin would discuss his opinions with the Law Firm. Dr. Austin testified that he reviewed the two sets of documents sent to him by the Law Firm. He also introduced into evidence account statements showing a balance due of $5,650 for his review of the second set of documents sent by the Law Firm. Dr. Austin provided further testimony regarding the correctness of the account and the reasonableness of the charges.

The Law Firm asserted the affirmative defense of failure of consideration.[2] At trial and in this appeal, it asserts that Dr. Austin breached the contracts by (1) not providing his opinion after the first set of documents was reviewed and the review was paid for and (2) reviewing the first and second set of documents in an untimely manner. Because Dr. Austin breached the contracts, the Law Firm asserts, any obligation it had to pay anything more than the initial $4,900 bill was negated.

■ The Law Firm first asserts that Dr. Austin breached the contracts by not providing his opinion after his review of the first set of documents was completed and the review had been paid for. Substantial evidence, however, showed that Dr. Austin did provide his opinion of the medical malpractice case to the Law Firm after his review of the first set of docu-

---

2. The Law Firm also filed a counterclaim against Dr. Austin seeking damages in the amount of all sums previously paid by the Law Firm to Dr. Austin. The trial court found in favor of Dr. Austin on this counterclaim, and the Law Firm did not appeal that portion of the judgment.

ments. A letter dated June 12, 1997, from the Law Firm to Dr. Austin's office manager indicated that William Pickett had a telephone conversation with Dr. Austin and that Dr. Austin would be the Firm's expert in the case. Dr. Austin testified that prior to receiving that letter, he spoke to Mr. Pickett regarding his medical opinion of the case. Finally, Mr. Pickett testified that he briefly spoke with Dr. Austin sometime between May 1997 and the June 12, 1997 letter about Dr. Austin's opinion of the case.

Next, the Law Firm asserts that Dr. Austin breached the contracts by reviewing both sets of documents in an untimely manner. Specifically, the Law Firm asserts that Dr. Austin's review on September 23, 1996, of the first set of documents, which he received on March 26, 1996, and his review on December 28, 1996, of the second set of documents, which he received on July 16 or 17, 1996, exceeded the ten to twelve week time frame for Dr. Austin's review of the records required in the contracts.

 The time for Dr. Austin's review of the documents was not the essence of the contract, and even if the time of Dr. Austin's review was of the essence, the Law Firm waived it. Generally, an innocent party may waive a breach of contract by words or conduct. *Harris v. Desisto*, 932 S.W.2d 435, 446 (Mo.App. W.D.1996). A waiver is an intentional relinquishment of a known right. *Investors Title Co. v. Chicago Title Ins. Co.*, 983 S.W.2d 533, 537–538 (Mo.App. E.D.1998). "To rise to the level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." *Id.* at 538. For time to be the essence of a contract, the contract must expressly so state, or it may be implied from the nature

of its subject matter that the parties intended performance within the time fixed in the contract to be a condition precedent to its performance. *Richards v. Johnson*, 261 S.W. 53, 54 (Mo.1924); *Cochran v. Grebe*, 578 S.W.2d 351, 353–354 (Mo.App. W.D.1979). A time condition may be waived, however, by any expression or conduct of the obligee that leads the obligor reasonably to believe that performance on time is not required. *Cochran*, 578 S.W.2d at 354; *Fritts v. Cloud Oak Flooring Co.*, 478 S.W.2d 8, 12 (Mo.App.1972); 8 CATHERINE M.A. MCCAULIFF, CORBIN ON CONTRACTS § 40.3 (Joseph M. Perillo ed., rev. ed.1999).

Neither the April nor the July contracts between Dr. Austin and the Law Firm expressly stated that time was of the essence of the contracts, and the nature of the contracts' subject matter did not show that the time fixed for reviewing documents was of the essence of the contract. Even if time was of the essence, the Law Firm waived the time condition. In its June 12, 1997 letter to Dr. Austin's office manager, Mr. Pickett wrote, "I talked to Dr. Austin and yes, he will be the expert on the case. The trial date will be at least a year away. I will have the remaining balance paid within sixty (60) days." The Law Firm again expressed that it would pay the remaining $5,650 balance prior to any depositions in its November 5, 1997 letter to Dr. Austin. Such expressions by the Law Firm indicated its intention to abandon any time requirements in the contract for document review and evinced a waiver of the time conditions.

## Conclusion

Dr. Austin proved his action on account, and the Law Firm failed to prove its affirmative defense. The trial court's judgment in favor of the Law Firm was, therefore, against the weight of the evidence.

The judgment of the trial court is reversed, and the case is remanded to the trial court for entry of judgment in favor of Dr. Austin in the amount of $5,650 plus interest in accordance with section 408.020, RSMo 2000, from the date due as provided in the July 20, 1996 contract and as determined by the trial court.

SPINDEN, J. and EDWIN H. SMITH, J. concur.