**K & G FARMS, Appellant,**

v.

**MONROE COUNTY SERVICE COMPANY and Travis Haskell, Respondents.**

No. ED 82471.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 4, 2003.

**42**

Thomas M. Harrison, Columbia, MO, for appellant.

William A. Atkinson, Columbia, MO, Rodney J. Rodenbaugh, New London, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

K & G Farms, L.L.C. ("K & G") appeals the judgment of the trial court in favor of Monroe County Service Company ("MCSC") in the amount of $13,226.10 plus eighteen percent interest, and the judgment of the trial court in favor of Travis Haskell on K & G's third-party petition. K & G claims the court erred in entering the judgment because there was no substantial evidence that K & G authorized any charges for the sale or delivery of goods from MCSC, and there was no contractual relationship to bind K & G to an interest rate of eighteen percent. We affirm in part and reverse and remand in part.

In February 1999, K & G, by its officer Greg DeLine, entered into a three-year lease with Travis Haskell. During the first year of the lease, Haskell and his father Ben farmed the property and paid rent to K & G as provided by the lease. The second year, Haskell and his father sub-let the property to another party. Prior to the third year of the lease, Travis Haskell spoke to DeLine about terminating the lease. It was agreed that the property would be placed into the Conservation Reserve Program ("CRP"), which allows farmers to sow grass instead of crops. In return, the government pays the farmer annually for a ten-year period. In June 2000, Ben Haskell ordered the grass seed and fertilizer necessary for the program from MCSC. A bill for the seed and fertilizer was sent to K & G and received by DeLine. DeLine denied responsibility for the charges, and ultimately, MCSC filed suit against K & G. In their petition, MCSC alleged that K & G was indebted to it for goods sold and delivered at K & G's "instance and request" in the amount of $13,226.10, plus eighteen percent interest. K & G filed a third-party petition against Travis Haskell claiming that the supplies purchased were for the direct benefit of Haskell as lessee of the property, and K & G should be indemnified by Haskell for the amounts MCSC claimed were owed to it. The trial court entered a judgment in favor of MCSC on

its petition and against K & G in the amount of $13,226.10 plus eighteen percent interest. The court also found in favor of Travis Haskell and against K & G on its third-party petition. K & G appeals the judgment of the trial court.

Our review of the judgment of a trial court in a court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Austin v. Pickett,* 87 S.W.3d 343, 346 (Mo.App.2002). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously applies or declares the law. *Id.* "A judgment should be set aside on the basis that it is against the weight of the evidence only with caution and a firm belief that the judgment is wrong." *Id.* In the present case, the trial court did not make any findings of fact or conclusions of law, and therefore, we consider all facts as having been found in accordance with the result reached by the trial court. *Weaks v. Rupp,* 966 S.W.2d 387, 392 (Mo.App.1998). The judgment of the trial court will be affirmed if it is supported by any reasonable theory under the evidence. *Id.*

■ In its first point on appeal, K & G claims that the trial court erred in finding in favor of MCSC because there was no substantial evidence to support the judgment. Specifically, K & G argues that there was no evidence that K & G authorized the charges or delivery of the grass seed and fertilizer, and there was no evidence to support a finding of agency upon which to hold K & G liable for the charges incurred. K & G also claims that there was no evidence of unjust enrichment or quantum meruit to justify the judgment on equitable grounds.

■ Although the trial court made no findings of fact or conclusions of law, the present case appears to be an action on account. This is an action brought by a party to recover money for property sold and delivered, or for services performed. *Austin,* 87 S.W.3d at 347. In an action on account, a plaintiff must show that: "(1) defendant requested plaintiff to furnish merchandise or services, (2) plaintiff accepted defendant's offer by furnishing such merchandise or services, and (3) the charges were reasonable." *Id.* As K & G correctly notes, it is clear from the evidence that K & G did not directly order the seed and fertilizer in question from MCSC. Ben Haskell ordered the goods. Thus, in order for the court to find in favor of MCSC in such an action, it must have determined that Ben Haskell had authority to order seed and fertilizer on behalf of K & G.

■ A principal and agent relationship and liability of the principal for acts of the agent as a result, may occur from an express grant of authority by the principal. *Wieland v. Ticor Title Ins. Co.,* 755 S.W.2d 659, 664 (Mo.App.1988). Absent an express grant of authority, the relationship may result from implied or apparent agency. *Id.* Apparent authority results from a direct communication from the principal to a third party. *Hamilton Hauling, Inc. v. GAF Corp.,* 719 S.W.2d 841, 846 (Mo.App. 1986). Where a principal "holds out" a person as possessing certain authority and others believe such authority exists, an agent has apparent authority to act even if the principal has not expressly granted the agent that authority. *Id.* "When a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act on behalf of his principal, the principal is estopped, as against such innocent third person, from denying the agent's authority to perform the act." *Id.*

In the present case, the record shows that Greg DeLine, an officer acting on behalf of K & G, signed two forms which acknowledged that K & G was to bear all the expense for the program. These forms were provided to the U.S. Department of Agriculture. Additionally, there was evidence in the record that the documents were relied upon by Steven Jones, the seed division manager for MCSC, when he took the order for the seed and fertilizer at issue here. Jones worked for MCSC for ten years, and was familiar with the documents and procedure for the purchase of seed necessary to qualify land for the CRP. It is a reasonable inference from the evidence in the record that Jones relied upon the assertion of K & G in the documents that they would bear all expenses for the program, and therefore believed that Ben Haskell had the authority to act on behalf of K & G in ordering the necessary seed and fertilizer. As a result, K & G was estopped from denying Ben Haskell's authority to order the seed and fertilizer on its behalf. Therefore, the trial court did not err in finding K & G liable for the amount of the invoice to MCSC.

Because the trial court's judgment is supported by the theory of apparent authority, as discussed above, we do not need to address K & G's remaining arguments concerning the equitable theories of unjust enrichment or quantum meruit. Point denied.

■ In its second point, K & G asserts that the trial court erred in awarding MCSC eighteen percent interest because no contractual agreement existed between K & G and MCSC.

Pursuant to sections 408.040 and 408.020 RSMo (2000), in the absence of an agreement providing otherwise, interest is fixed at a rate of nine percent per annum. MCSC argues that the billing statement, which stated that a rate of eighteen-per-cent interest would be assessed on delinquent payments, was sufficient to constitute an agreement. We disagree.

■ A provision on an invoice regarding interest on delinquent payments, delivered after the purchase and delivery of goods, does not, without additional evidence of an agreement, constitute an agreement to pay interest above the statutory rate. See Bartlow–Hope Elec. Corp. v. Herzog, 692 S.W.2d 404, 405 (Mo.App. 1985) (trial court erred in awarding interest in excess of the statutory rate because apart from invoice showing an interest charge, there was no evidence of the interest charge, and no proof of any agreement to pay the interest). Here, the only evidence regarding the interest rate is the invoice. Although Steve Forbis, the general manager of MCSC, did testify that at some point there had been a sign in the store informing the customers that delinquent accounts were charged interest, he did not state that the sign advised customers of the rate of interest. Forbis testified that the billing statement, which contains the interest provision, is sent to the customer after the goods are delivered. Forbis acknowledged that a customer does not know what the interest rate is until after the product is delivered. Additionally, Forbis admitted that there was no written agreement entered into by K & G to pay interest at a rate of eighteen percent. Other than the invoice, there is no additional evidence that any rate was discussed or agreed upon.

The trial court erred in assessing interest at eighteen percent. The judgment awarding such interest must be reversed and the case remanded to the trial court to enter a judgment awarding interest at the statutory rate of nine percent per annum.

■ In its third and final point on appeal, K & G claims that the trial court erred in entering a judgment in favor of Travis Haskell on K & G's third-party

petition because there was no substantial evidence to support such judgment. K & G claims that there was no evidence that K & G gave Travis Haskell the authority to incur such charges on K & G's behalf.

■ Haskell argues that K & G abandoned any claim of error in denying relief against him because the issue was not briefed, and no authority was cited to support K & G's allegation of error. K & G does restate much of his argument concerning the trial court error in finding in favor of MCSC in his argument of point three; however, the two issues are inextricably related. "An agent is not liable for lawful acts done within the scope of his authority for and on behalf of a disclosed principal. The liability, if any, is that of the principal." *Austin v. Trotters Corp.*, 815 S.W.2d 951, 958 (Mo.App.1991). If the trial court found Ben Haskell had the authority necessary to bind K & G for the seed and fertilizer, it follows that the court would not find in favor of K & G on its third-party claim against Travis Haskell for the amount owed. As discussed above, K & G, by its assertions, granted Ben Haskell apparent authority to order the necessary seed and fertilizer to enter the property into the CRP. Therefore, the trial court did not err in finding against K & G on its third-party claim against Travis Haskell. Point denied.

. The judgment awarding interest at the rate of eighteen percent is reversed and remanded for entry of judgment at the statutory rate of nine percent per annum. The judgment is affirmed in all other respects.

SHERRI B. SULLIVAN, C.J., and WILLIAM H. CRANDALL, JR., J., concur.