**TEASDALE & ASSOCIATES,**
**Respondent,**

**v.**

**RICHMOND HEIGHTS CHURCH OF GOD IN CHRIST, Appellant.**

**No. ED 96633.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 7, 2012.

Nadine V. Nunn, St. Louis, MO, for Appellant.

James N. Fendelman, William L. Floodman III, Fendelman, Paull, Floodman & Associates, L.L.C., St. Louis, MO, for Respondent.

KURT S. ODENWALD, Chief Judge.

### Introduction

Richmond Heights Church of God in Christ ("Church") appeals from the trial court's judgment in favor of Teasdale & Associates ("Teasdale") in an action on account. Church raises several arguments on appeal. First, Church contends the record lacks sufficient evidence that its employee possessed the requisite authority to bind Church on the contract for legal services upon which Teasdale's claim is based. Church also contends insufficient evidence exists that the legal fees charged were reasonable, or that Teasdale demanded payment for the unpaid debt. Next, Church suggests Teasdale was precluded from pursuing an action against Church for the underlying debt because Teasdale could have recovered from the employee directly. Finally, Church alleges the trial court erroneously admitted and improperly considered evidence of Church's bylaws. We affirm the trial court's judgment because the record contains substantial evidence that Hunt, as president of Church, possessed the authority to enter into the fee agreement with Teasdale, and that the legal fees charged for the services rendered by Teasdale were reasonable. We further find that Church, as a principal, was a proper party to the lawsuit and that the trial court did not err in admitting Church's by-laws into evidence.

### Factual and Procedural History

In 2008, parishioners of Church filed a petition against Church's pastor, James Hunt ("Hunt") seeking to enjoin Hunt from selling real property owned by Church. Hunt sought Teasdale's legal services to defend against the suit. Hunt entered into a contract with Teasdale wherein Teasdale agreed to provide legal services to Hunt individually and as president of Church, based upon an established fee agreement. The fee agreement included Church as a party to the contract. Church was responsible for the payment of legal fees rendered by Teasdale, which would be paid for its services out of the proceeds from the sale of Church's real property. Hunt signed the fee agreement individually, and again as President of Church. Church was added as a defendant. The parties eventually settled and dismissed that action.

Teasdale subsequently filed this action against Church seeking payment of legal fees accrued during the previous lawsuit. Teasdale averred that Hunt entered into the fee agreement on behalf of Hunt and Church, and that Church was liable for payment of the legal services rendered by Teasdale under an agency theory. Church argued that Hunt lacked authority to bind Church to any contract for legal services rendered in the original lawsuit. After a bench trial, the trial court entered judgment for Teasdale. Although the trial court did not enter specific findings of fact, the trial court's judgment reflects a finding that Hunt acted with the authority to bind the Church to the fee agreement. Church now appeals.

## Points on Appeal

Church asserts multiple points of error. Church's first, second, and fourth points on appeal relate to Church's claims that insufficient evidence exists to support the trial court's judgment. In its first point, Church argues that there was insufficient evidence of an agency relationship between Hunt and Church. In its second and fourth points, Church argues a lack of sufficient evidence that Teasdale served a demand for payment upon Church, and that the underlying legal fees were reasonable. In its third point on appeal, Church contends that the trial court erred in admitting into evidence a document that Hunt offered as Church's bylaws. In its fifth and final point on appeal, Church argues that the trial court erred in denying its motion for a new trial because Teasdale could have obtained a judgment against Hunt rather than Church.

## Standard of Review

■ We will affirm the judgment of the trial court in a court-tried case unless the judgment is against the weight of the evidence, no substantial evidence exists to support it, or the trial court misapplied or erroneously declared the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Because the trial court did not make specific findings of fact or conclusions of law, "we consider all facts as having been found in accordance with the result reached by the trial court." *K & G Farms v. Monroe County Serv. Co.*, 134 S.W.3d 40, 43 (Mo. App. E.D.2003).

■ We review a trial court's ruling as to the admission of evidence for an abuse of discretion. *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005). A trial court abuses its discretion when it makes a ruling that is "clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consider-

ation." *State v. Kemp*, 212 S.W.3d 135, 145 (Mo. banc 2007). However, even if we find an abuse of discretion, we will not reverse unless we also find that the trial court's error is "so prejudicial that it deprived the defendant of a fair trial." *Id.* Error is not prejudicial unless there is a "reasonable probability that the trial court's error affected the outcome of the trial." *Id.* (internal citation omitted).

## Discussion

### I. The trial court's judgment is supported by sufficient evidence.

Church's first, second, and fourth points each assert that the judgment of the trial court in favor of Teasdale was not supported by sufficient evidence.

■ The present case concerns an action on account. In an action on account, the plaintiff has the burden of demonstrating that (1) the defendant requested the plaintiff furnish the services at issue, (2) the plaintiff accepted the defendant's offer by furnishing such services, and (3) the charges were reasonable. *K & G*, 134 S.W.3d at 43. Church claims that insufficient evidence exists to support the first and third elements of Teasdale's action on account. We address each element and Church's argument in turn.

### A. Hunt had actual authority to contract with Teasdale on behalf of Church.

■ To satisfy the first element of Teasdale's prima facie case, sufficient evidence must exist from which the trial court could find that Church requested the legal services Teasdale provided to defend the original action. *See K & G*, 134 S.W.3d at 43. Church is a non-profit corporation organized and registered in Missouri. The first element of Teasdale's action is satisfied if there is sufficient evidence that

Church requested Teasdale's legal services by and through its agent Hunt.

 Whether a party was an agent during a given transaction is a mixed question of fact and law that is highly dependent upon the trial court's credibility determinations and assessment of the evidence. *Major Saver Holdings, Inc. v. Education Funding Group, LLC,* 350 S.W.3d 498, 507 (Mo.App. W.D.2011), *citing State ex rel. Ford Motor Co. v. Bacon,* 63 S.W.3d 641, 642 (Mo. banc 2002). We will defer to the trial court's opportunity to weigh the evidence and reach specific factual findings unless we are of the firm belief that the trial court's conclusions are wrong. *See Id.*

 An agency relationship requires authority of the agent to bind the principal. If an agent has authority to act, the principal will be bound by contracts the agent enters into on behalf of the principal. *Bach v. Winfield–Foley Fire Protection Dist.,* 257 S.W.3d 605, 608 (Mo. banc 2008). A corporation is an artificial being, and may therefore act only through its agents. *Sutherland v. Sutherland,* 348 S.W.3d 84, 92 (Mo.App.W.D.2011). The power of corporate officers to bind their corporation in contract ordinarily rests upon such officers' actual or apparent authority. *Id.* at 92–93.

 Actual authority arises from statutes, articles of incorporation, bylaws, and other specific authority granted by the board of directors. *Holtmeier v. Dayani,* 862 S.W.2d 391, 401 (Mo.App. E.D.1993); Section 351.306.[1] The president of a corporation also has inherent authority to transact, without special resolution from the board of directors, all acts of an ordinary nature which are incident to the president's office by usage or necessity, and to thus bind the corporation. *Holtmeier,* 862

S.W.2d at 401. Conversely, a president does not have the inherent authority to perform acts which are outside the ordinary nature of the duties of that office, and a president may only perform such acts after special approval of the board of directors. *Molasky Enterprises, Inc. v. Carps, Inc.,* 615 S.W.2d 83, 87 (Mo.App. E.D.1981) (president's authority to transact acts of an ordinary nature in the usual course of business "is limited to the transaction of the corporation's regular business and for the benefit of the corporation.").

After reviewing the record, we find that the record contains sufficient evidence that Hunt had actual authority to bind Church to the relevant fee agreement. Section 351.360 provides:

All officers and agents of the corporation, as between themselves and the corporation, shall have such authority and perform such duties in the management of the property and affairs of the corporation as may be provided in the bylaws, or, in the absence of such provision, as may be determined by resolution of the board of directors.

Section 351.360 thus statutorily grants officers actual authority to the extent that the same authority is granted under the corporation's bylaws.

The record contains evidence that Church's bylaws granted Church's president, Hunt, actual authority to enter into the fee agreement on Church's behalf. Teasdale presented testimony that Church's bylaws gave Church's president the power to exercise or delegate the execution of binds, mortgages, or other contracts on behalf of Church. Specifically, Douglas Teasdale read Church's bylaws into the record at trial. Although the trial exhibit which purported to be Church's

---

1. All statutory citations are to RSMo., Cum. Supp.2010 unless otherwise indicated.

bylaws subsequently was granted limited admission into evidence, the testimony setting forth the content of Church's bylaws was presented without objection, and may be considered by this Court for its substance. *See Meyer v. Dubinsky Realty Co.*, 133 S.W.2d 1106, 1111 (Mo.App.St.L. 1939). The testimony at issue stated that Church's bylaws grant its president the authority to enter into contracts on Church's behalf. Therefore, the record contains sufficient evidence from which the trial court could have reasonably found that Hunt, as president of Church, was empowered under Church's bylaws with the actual authority to enter into the fee agreement on behalf of Church.

As previously noted, the question of whether an agency relationship exists is a mixed question of law and fact requiring that we defer to the determination of the fact finder. We hold that substantial evidence exists to support the trial court's judgment with regard to the first element of Teasdale's claim.

B. *The record contains sufficient evidence that the legal fees were reasonable.*

■ The final element at issue in Teasdale's action on account relates to the reasonableness of the fees charged for the underlying services.

■ In actions on account, the plaintiff has the burden of showing reasonableness of the charges by producing evidence establishing that either (1) the total hours expended and the hourly rate were reasonable; or (2) the total sum charged was reasonable. *Massac Environmental Tech-*

*nologies, Inc. v. Futura Coatings, Inc.*, 929 S.W.2d 318, 320 (Mo.App. E.D.1996).

The record before us contains substantial evidence from which the trial court could conclude that the cost of the legal services rendered by Teasdale was reasonable. At trial, Teasdale admitted into evidence several billing invoices as support for its claim on account. The invoices itemized the individual legal services rendered in the underlying lawsuit for which Teasdale had been retained, gave the date each service was performed, explained the purpose of each legal service, and indicated the time billed for each service. Douglas Teasdale also testified that he was the attorney at Teasdale who represented Hunt in the original action brought by certain Church members. Douglas Teasdale testified that the original action involved "significant legal work" including multiple motion hearings, court conferences, and the negotiation of a successful settlement agreement. Teasdale also admitted into evidence the fee agreement, which included the hourly rate Teasdale charged for the work of attorneys and staff, as well as fixed charges for a variety of common litigation expenses such as phone calls, filing fees, and legal research. The fee agreement also contained a provision explaining the additional charges that Church would incur for the collection of unpaid legal debt, and which Teasdale sought as part of its damages in the instant case. Testimony and evidence establishing the specific legal work involved as well as the itemized cost of the actual charges provides a substantial evidentiary basis to support the trial court's finding that the charges for Teasdale's underlying legal services were reasonable.[2]

---

2. Detailed evidence supporting the legal fees charged by Teasdale was presented at trial and admitted as Trial Exhibit 3. Curiously, neither party to this appeal included Trial Exhibit 3 in the legal file, which was provided only after requested by this Court. We further note that neither party provided this Court with a useful Appendix as provided by our rules. We find these deficiencies troubling as they challenge this Court's ability to properly consider the appeal before us.

*C. Demand for payment is not an element of an action on account.*

In its second and fourth points on appeal, Church argues, *inter alia*, that the trial court's judgment was error because Teasdale failed to produce sufficient evidence that Teasdale made a demand for payment of Church, and Church refused to render payment. It is well established under Missouri law that plaintiffs are not required to produce evidence of a rejected demand for payment to make a prima facie case in an action on account. *See Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335 (Mo.App. E.D.1993) ("Sufficiency of proof [in actions on account] depends upon the showing of an offer, an acceptance, and consideration between the parties, as well as the correctness of the account and the reasonableness of the charges."); *see also* Missouri Approved Instruction 26.03. Rather, payment of the debt at issue is an affirmative defense that a defendant must plead and prove. Rule 55.08; *see also* Missouri Approved Instruction 26.03. Because Teasdale was not required to provide evidence of demand for payment, the lack of evidence does not render the judgment of the trial court deficient.

Moreover, we note that the record contains evidence that Teasdale did serve a demand for payment upon Church, and Church rejected that demand. In its response to Teasdale's first requests for admissions, Church admitted that Teasdale made a written demand for payment of the legal services rendered to Hunt, and Church refused to tender payment. The record also contains multiple letters, which were entered into evidence at trial, that were sent by Teasdale to Church's attorney demanding payment for the service. Points Two and Four on appeal are without merit and are denied.

## II. The trial court did not abuse its discretion in granting limited admission of Church's bylaws.

In its third point on appeal, Church argues that the trial court abused its discretion in admitting into evidence a copy of Church's bylaws. In reviewing Church's brief, it is unclear whether Church alleges that the trial court erred in admitting the document due to a lack of proper foundation, or whether Church argues that the trial court properly admitted the document for a limited purpose but then exceeded that purpose in reaching its judgment. We find no prejudicial error under either theory.

After reviewing the record, we decline to consider whether the trial court erred in admitting the bylaws because we find that Church was not prejudiced by their admission, even if the admission was in error. We review the trial court's decision to admit evidence not merely for error, but for prejudice. *Kemp*, 212 S.W.3d at 145. We will not reverse unless the erroneous admission of evidence was so prejudicial that it deprived the defendant of a fair trial, and we find a reasonable probability that the evidence affected the outcome of the trial. *Id.*

Here, the bylaws were admitted into evidence to prove the reasonableness of Teasdale's belief that Hunt had the authority to enter into the fee agreement on behalf of Church. The reasonableness of Teasdale's belief is relevant to show Hunt acted with apparent authority. However, we previously found that the record contains substantial evidence from which the trial court could have reasonably found that Hunt had actual authority to bind Church. Moreover, the evidence at trial that Hunt acted with actual authority was derived from Douglas Teasdale's testimony. Therefore, the subsequent admission into evidence of a copy of Church's bylaws

did not prejudice Church, even if the admission was erroneous.

To the extent that Church's brief can be interpreted to argue that the trial court considered the bylaws beyond the limited purpose for which they were admitted, we are also not persuaded. Evidence admitted for a limited purpose may only be considered for that purpose alone. *In re Estate of Danforth*, 705 S.W.2d 609, 610 (Mo.App. S.D.1986). However, judges are presumed not to consider evidence for an improper purpose. *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). After reviewing the record, we find no evidence that the trial court considered the bylaws in reaching its judgment in favor of Teasdale, let alone that the trial court considered the documents for an improper purpose. Nor has Church provided any explanation supporting its bare assertion that the trial court considered the bylaws for an improper purpose. Point Three is denied.

### III. Any remedy Teasdale may have had against Hunt did not preclude Teasdale from obtaining a judgment against Church.

In its final point on appeal, Church argues that the trial court erred in denying its motion for a new trial on grounds that Teasdale could have asserted an action against Hunt, and therefore should have been precluded from maintaining an action against Church.

In Missouri, it is well settled that a principal is liable for an act of his or her agent which was within the scope of the agent's authority. *K & G*, 134 S.W.3d at 45. Church does not provide, and we do not find, any authority stating that a third party is precluded from asserting an action based on contract against a principal where the third party may be able to assert the same claim against the princi-

pal's agent. To the contrary, an agent acting with authority normally is not personally liable on a contract entered into on behalf of a fully disclosed principal. *Id.* Accordingly, the trial court did not err in denying Church's motion for a new trial on grounds that Teasdale should have brought the action against Hunt, rather than against Church. Church was a proper party to the lawsuit. Point Five has absolutely no support in the law and is denied.

### Conclusion

The trial court did not err in admitting Church's bylaws into evidence. Because substantial evidence supports the trial court's judgment, we affirm.

PATRICIA L. COHEN and ROBERT M. CLAYTON III, JJ., Concur.